UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 13-51143-705 |
| SAINT LOUIS CONNECTCARE, ) | |
| A Non-Profit Corporation ) | Chapter 7 |
| ) | |
| Debtor. ) | |

### APPLICATION TO EMPLOY AND APPROVE AGREEMENT WITH CLEARBID CAPITAL AS COLLECTOR OF CERTAIN ACCOUNTS RECEIVABLE

COMES NOW Seth A. Albin, Trustee herein, by and through his counsel, and states that:

1.  Trustee requires the services of a collection agency to collect certain accounts receivable (the "Receivables") of the Debtor.

2.  The firm of Clearbid Capital, LLC ("Clearbid") has agreed to render services as directed by Trustee at the commission rate of twenty-five percent (25%) of the gross recovery collection amounts on recoveries obtained without commencing legal action.  Clearbid shall receive a commission in an amount equal to thirty two percent (32%) of the gross recovery collection amounts obtained recoveries with commencement of legal action.   A copy of the Clearbid's agreement  ("Agreement") is set forth as Exhibit 1, attached hereto and incorporated herein by reference.

3.  All collections shall be immediately deposited into a segregated trust account (the "Trust Account") maintained in a bank for the benefit of the Trustee. Clearbid is authorized to endorse checks in favor of the Trustee, for deposit to the Trust Account maintained by Clearbid, for receipt sums collected on the Receivables.  Clearbid will have the power and authority to make deposits into the Trust Account. Clearbid will not have the power and authority to make withdrawals from the Trust Account.  Clearbid will provide an accounting to the Trustee by the

first and fifteenth of each month during the term of this agreement. The Trustee will remit to Clearbid, its Agent's Fee within seven (7) days of receipt of each accounting. The payment of the Agent's Fee will not be subject to fee application as the fee structure is based on a formula.

4. Due to the nature of medical receivables, the Trustee shall have the power to use his business judgment to settle any outstanding balance with the various patient account debtors without further order of the Bankruptcy Court.

5. The collection term shall commence upon the entry of the Order approving this employment and shall terminate eighteen (18) months later or upon the recovery of the total amount of the outstanding Receivables, unless earlier terminated by either Clearbid or the Trustee.

6. The firm of Clearbid Capital has substantial experience in this type of work as reflected in its Agreement.

7. Trustee believes that the proposed fees and expenses are reasonable considering the number of outstanding Receivables, and that it is in the best interest of this estate that it be authorized to employ the aforesaid collector on the terms described herein, especially as the collection of certain healthcare receivables require expertise which Clearbid Capital has.

8. To the best of Trustee's knowledge, the firm of Clearbid Capital has no connections with Debtor, any creditors, or any other party in interest, their respective attorneys or accountants.

9. Trustee requests immediate entry of an order approving this Application and the Agreement without further notice and hearing on the grounds that it is imperative that the Trustee commence immediate collection of the receivables. Any delay in pursuing the receivables could seriously prejudice the collection efforts.

1413569                                2

WHEREFORE, the Trustee prays for an Order 1) authorizing Trustee to employ the firm of Clearbid Capital to collection certain accounts receivable on the terms set forth in this Application without hearing and further notice; 2) approving the Agreement and its terms; 3) authorizing Trustee to use his business judgment to settle any outstanding balance with an account debtor without further order of the Court; 4) authorizing the payment of fees to Clearbid Capital without further order of the Court; and 5) authorizing the Trustee to take such other action as he deems necessary to implement the Agreement and the collection of receivables.

SUMMERS COMPTON WELLS LLC

Date:  January 31, 2014

By: /s/ David A. Sosne
David A. Sosne, #28365MO
Bonnie L. Clair, #41696MO
Brian J. LaFlamme #49776MO
Attorneys for Trustee
8909 Ladue Road
St. Louis, Missouri  63124
(314)991-4999/(314)991-2413/FAX
dasattymo@summerscomptonwells.com
blcattymo@summerscomptonwells.com
blaflamme@summerscomptonwells.com

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing. I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing. The individuals and entities being served electronically or by mail are:

United States Department of Justice
U.S. Trustee's Office
111 S. 10th Street, Ste. 6353
St. Louis, MO 63102

Seth A Albin
Stewart, Mittleman, Heggie & Henry
222 South Central Avenue, Suite 501
St. Louis, MO 63105

Eric C. Peterson
Greensfelder, Hemker & Gale, P.C.
10 S. Broadway
Suite 2000
St. Louis, MO 63102

David Hartheimer
Clearbid Capital, LLC
1515 Broadway
New York, NY 10036

January 31, 2014

/s/ Christina L. Hauck

# CLEARBID CAPITAL

Exhibit 1

Seth A. Albin, Esq.
Stewart, Mittleman, Heggie, Henry & Albin, LLC
222 S. Central, Suite 501
St. Louis, Missouri 63105-3575

January 29, 2014

RE: **Agreement to Collect Certain Receivables**

Dear Mr. Albin,

This letter shall serve as an agreement (the "Agreement") for Clearbid Capital, LLC. ("Clearbid") to serve as collector of certain receivables (the "Receivables") on behalf of Seth A. Albin, Esq., Chapter 7 Trustee (the "Trustee") in the bankruptcy case of, In re: Saint Louis Connectcare, Case No. 13-51143 (the "Bankruptcy Case" or the "Debtor"), pending in the United States Bankruptcy Court, Eastern District of Missouri (the "Court"), free and clear of liens and encumbrances. The Receivables shall include all patient accounts owed Debtor, including Medicare or Medicaid payments. They do not include any refunds, credits, rebates or avoidance actions.

This Agreement and Clearbid's obligations hereunder are subject to (i) the approval of this Agreement by the Court, (ii) the entry of an order (the "Retention Order") by the Court approving this Agreement and authorizing the Trustee to engage Clearbid under the terms and provisions herein in accordance with Sections 327 and 328 of the U.S. Bankruptcy Code (the "Code"), and any other applicable provision of the Code, and any other applicable law. If the Court does not enter the Retention Order within thirty (30) days of the date of this Agreement, then at the option of either Clearbid or the Trustee, and upon written notice by one of such parties to the other, this Agreement shall be void and of no force and effect, and the parties shall have no obligations to each other hereunder as if this Agreement had never been entered.

1.   Collection Term.

The "Collection Term" shall commence upon the signing of this Agreement and entry of the Retention Order ("Collection Commencement Date") and shall terminate eighteen months (18) later or upon the recovery of the total amount of outstanding Receivables, whichever occurs first, unless earlier terminated by Clearbid or the Trustee, in their sole discretion ("Collection Termination Date").

Clearbid Capital, LLC                1515 Broadway                 New York, NY 10036
(Office) (212) 981-2332              (Fax) (501) 423-8672          www.clearbid.com

751259v1

2. <u>Consideration</u>.

The Trustee shall compensate Clearbid for its services (the "Collection") in connection with its collection efforts ("Agent's Fee") as set forth below:

(A)  Clearbid shall receive a commission in an amount equal to twenty five percent (25%) of the gross recovery collection amounts on recoveries obtained without commencing legal action.

(B)  Clearbid shall receive a commission in an amount equal to thirty two percent (32%) of the gross recovery collection amounts obtained recoveries with commencement of legal action.

(C)  In the event the Trustee sells Receivables in bulk, as part of a sale of the entire assets of the Debtor, or otherwise, Clearbid will be entitled to the Agent's Fee. In that event, the Agent's Fee shall be calculated based on the sale price of the Receivables as if the sale price was the amount of the gross recovery collection amount.

3. <u>Collected Funds</u>.

(A) All Collections shall be immediately deposited into a segregated trust account (the "Trust Account") maintained in a bank for the benefit of the Trustee. Clearbid is authorized to endorse checks in favor of the Trustee, for deposit to the Trust Account maintained by Clearbid, for receipt sums collected on the Receivables. Clearbid will have the power and authority to make deposits into the Trust Account. Clearbid will not have the power and authority to make withdrawals from the Trust Account.

   a. After having an opportunity to inspect the receivables and the accounting system of the Debtor, Clearbid, may determine that there is a better mechanism for holding and depositing the Collections which may increase the amount of the Collections and shorten the time of the Collections. If Clearbid does make such a determination, Clearbid, subject to the written approval of the Trustee, may modify the method of holding the Collections.

(B) Clearbid will provide an accounting to the Trustee by the fifteenth of each month during the term of this agreement. The Trustee will remit to Clearbid, its Agent's Fee within seven (7) days of receipt of each accounting. The payment of the Agent's Fee will not be subject to fee application.

2

751259v1

4. <u>Authority to Settle Claims</u>.

Clearbid shall have the authority to accept less than the full amount of each Receivable (the "Discount Amount") in full satisfaction of the Receivable Debtor's liability. Clearbid and the Trustee shall agree to the Discount Amount during the course of this collection effort. The agreed upon Discount Amount will be memorialized in writing, and may be modified from time to time, subject to the approval of the Trustee.

5. <u>Representations, Warranties and Covenants</u>.

(A) The Trustee represents, warrants and covenants to Clearbid as follows:

  (i) The Trustee will seek the employment of Clearbid, the approval of this Agreement and the entry of an order approving the terms and conditions of the Agreement.

(B) Clearbid represents, warrants and covenants to the Trustee as follows:

  (i) Clearbid has reviewed and is familiar with all Local Rules as they apply to this Agreement, and the scope of services to be provided by Clearbid pursuant to this Agreement.

  (ii) Clearbid is currently in compliance with, and shall maintain in compliance with, all Local Rules, as applicable to this Agreement and the scope of services to be provided by Clearbid, pursuant to this Agreement. In connection therewith, Clearbid shall obtain and pay for a bond as required by the Trustee and the United States Trustee.

  (iii) Neither Clearbid nor any of Clearbid's employees or agents designated by Clearbid, to perform services under this Agreement has been sanctioned or disciplined by any Court (state or federal), regardless of jurisdiction.

6. <u>Notices</u>.

Notices shall be delivered to the parties, in writing, at the addresses as shown below:

| | |
|---|---|
| David H. Hartheimer | Seth A. Albin, Esq. |
| Clearbid Capital, LLC | Stewart, Mittleman, Heggie, |
| 1515 Broadway | Henry & Albin, LLC |
| New York, NY 10036 | 222 S. Central, Suite 501 |
| | St. Louis, Missouri 63105 |
| Phone: 212-981-2332 | Phone: 314-863-8484 |
| Fax: 501-423-8672 | Fax: 314-863-5312 |

3

751259v1

7.   <u>Contents of Agreement; Amendment; Parties in Interest; Assignment; Etc.</u>

This Agreement, which includes all exhibits hereto, sets forth the entire understanding of the parties hereto with respect to the subject matter hereof. There are no restrictions, promises, representations, warranties, covenants or undertakings other than those expressly set forth or referred to herein. This Agreement supersedes all prior agreements and understandings between the parties. This Agreement may be amended, modified or supplemented only by written instrument duly executed by each of the parties hereto. All representations, warranties, covenants, terms and conditions of this Agreement shall be binding upon and inure to the benefit of and be enforceable by the respective heirs, legal representatives, successors and permitted assigns of the parties hereto. No party hereto shall assign this Agreement or any right, benefit or obligation hereunder to any other party without the written consent of the non-assigning party. Any term or provision of this Agreement may be waived at any time by the party entitled to the benefit thereof by a written instrument duly executed by such party. Notwithstanding the foregoing, the Bankruptcy Court has the authority to amend, modify, revise or terminate this Agreement subject to Section 328 of the Code.

[The remainder of this page is intentionally left blank.]

8. <u>Severability</u>.

Should any clause, Section or part of this Agreement be held or declared to be void or illegal for any reason, all other clauses, Sections or parts of this Agreement shall nevertheless continue in full force and effect.

If this Agreement is acceptable, please indicate by signing below.

Sincerely,
**Clearbid Capital, LLC**

*/s/ David H. Hartheimer*

David H. Hartheimer
President

**Agreed and Accepted:**

Signature: */s/ Seth A. Albin, Chapter 7 Trustee*

Printed Name: Seth A. Albin

Title: Chapter 7 Trustee

Date: 1/30/14

5

751259v1